{¶ 28} I concur with the judgment and the analysis of the majority and write solely to clarify the circumstances where an officer can handcuff an individual during a Terry stop for officer safety, as raised in this case.
 {¶ 29} There is no bright line rule either prohibiting or endorsing officers handcuffing individuals during Terry stop situations. Under State v. Lozada, 92 Ohio St.3d 74, 78, 2001-Ohio 149, the protection of an officer and the individual is a legitimate reason to infringe upon the liberty of an individual. However, the means used to restrain the liberty of the individual must be reasonable under the circumstances. Statev. Dabney, Belmont App. No. 02BE31, 2003-Ohio-5141.
 {¶ 30} Under the present facts, the controlling factor is the lack of any reasonable, articulable facts in the record relating to McKinney's detention beyond the initial search for weapons. Although police may, in some circumstances, justify initially handcuffing an individual for Terry stop purposes, absent a reasonable, articulable suspicion that the individual may be involved in criminal activity, the detention must end when no weapons are found.